**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JEFFREY CLANTON,                               *
                                               *
                    Plaintiff,                 *
v.                                             *
                                               *          No. 3:16CV00281-JJV
NANCY A. BERRYHILL, Acting                     *
Commissioner, Social Security                  *
Administration,                                *
                    Defendant.                 *

<u>**MEMORANDUM AND ORDER**</u>

## I.      INTRODUCTION

Plaintiff has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income and disability insurance benefits. The Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act because jobs existed in significant numbers that Plaintiff could perform despite his impairments. (Tr. 8-18.) The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). This review function is extremely limited. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the

Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

## II.   ANALYSIS

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the parties' respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary.

Plaintiff was fifty years old at the time of the hearing. (Tr. 29.) He testified that he completed the tenth grade in school. (*Id.*) The ALJ determined Plaintiff had past relevant work as a painter. (Tr. 17.)

Plaintiff alleges he is disabled due to a combination of impairments. The ALJ[1] found Mr. Clanton had not engaged in substantial gainful activity since December 31, 2007 – the alleged onset date. (Tr. 10.) He has "severe" impairments in the form of "arthritis of both wrists, carpal tunnel syndrome, osteoarthritis of both knees with history of right knee replacement, and chronic knee pain." (Tr. 11.) The ALJ further found Mr. Clanton did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2] (*Id.*)

The ALJ determined Mr. Clanton had the residual functional capacity to perform a reduced

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

range of sedentary work. (Tr. 12.) Accordingly, he determined Mr. Clanton could no longer perform his past work as a painter. So he utilized the services of a vocational expert to determine whether other work existed in significant numbers that Plaintiff could perform despite his impairments. (Tr. 17, 51-55.) Through asking hypothetical questions of the vocational expert, the ALJ concluded Mr. Clanton could perform the jobs of lampshade assembler and document preparer. (Tr. 18.) Accordingly, the ALJ determined Mr. Clanton was not disabled. (*Id.*)

Plaintiff makes two arguments in support of his Complaint. First, he argues the ALJ's residual functional capacity assessment was flawed. (Tr. 11 at 25-27.) Second, he argues the ALJ incorrectly determined his depression was not "severe."

Regarding Plaintiff's argument that the ALJ incorrectly determined his major depression was not "severe" (Pl.'s Br. 7-8), Plaintiff has the burden of proving an impairment is "severe." *See Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1995). Plaintiff did not meet that burden.

The ALJ considered Plaintiff's depression and concluded, "The claimant did not allege a mental impairment, and has not been treated for depression." (Tr. 11.) It is significant that plaintiff did not allege a disabling mental impairment in his application for disability benefits. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). The ALJ also noted that his examination by Suzanne Gibbard, Ph.D., found no adaptive limitations of function based on his depression. (*Id.*)

The ALJ's determination of severity, Step 2 of the sequential evaluation process, is based on medical evidence alone. *Bowen v. Yuckert*, 482 U.S. 137 (1987); *Anderson v. Heckler*, 805 F.2d 801, 805 (8th Cir. 1986). The medical records report Plaintiff "[s]tates that [C]ymbalta is effective for his mood but is not helping the pain much, but is helping some with the nerves jumping." (Tr. 899.) If an impairment can be controlled by treatment or medication, it cannot be considered disabling. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993).

Plaintiff has not presented evidence that he suffered from any mental impairment that would significantly limit his ability to perform basic work activities. Therefore, based on the medical evidence of record, the ALJ correctly determined that plaintiff's depression was not a "severe" impairment.

Plaintiff also argues the ALJ's residual functional capacity assessment was flawed. (Doc. No. 11 at 25-27.) While Plaintiff clearly has some physical limitations, there is ample evidence to support the ALJ's assessment in this regard. As the Commissioner points out, Plaintiff was working part-time as a painter during the relevant time period. So surely he is capable of performing work at the sedentary exertional level. And although Robert Redd, M.D., and Martha Lauster, M.D., reviewed only the medical evidence and did not have the benefit of examining Mr. Clanton, their opinions that Plaintiff was capable of performing sedentary work constitute substantial evidence upon which the ALJ could rely. (Tr. 66-70, 77-81, 91-95, 103-107.)

With regard to his argument about the ALJ failing to develop the record (Doc. No. 11 at 26), Plaintiff bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed. Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither. The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case the record was sufficient upon which to make an informed decision.

## III.    CONCLUSION

I am sympathetic to Mr. Clanton's claims as he clearly has some limitations. But the overall medical evidence provides substantial support for the ALJ's determination that he could perform work at the sedentary exertional level.

Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments that I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 1st day of March, 2017.

_____

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE